UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

JEAN CARLOS AGUILAR-HUANGA,           )
                                      )
                Petitioner,           )
                                      )
v.                                    )    Case No. CIV-26-115-J
                                      )
FRED FIGUEROA, Warden of the          )
Diamondback Correctional Center, et al., )
                                      )
                Respondents.          )

**ORDER**

Petitioner Jean Carlos Aguilar-Huanga, a citizen of Ecuador, filed a Petition for Writ of Habeas Corpus (Petition) [Doc. No. 1] pursuant to 28 U.S.C. § 2241.  The matter was referred to United States Magistrate Judge Suzanne Mitchell consistent with 28 U.S.C. § 636(b)(1)(B),(C). Judge Mitchell issued a Report and Recommendation recommending that the Court: (1) grant Petitioner habeas relief; (2) order Respondents to immediately release Petitioner from their custody; (3) order Respondents to certify compliance by filing a status report within ten business days of the Court's order; (4) order Respondents to not re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a); (5) order counsel for Respondents to provide a copy of this order to counsel for the Warden of the Cimarron Correctional Facility forthwith and file a notice of compliance as soon as practicable; and (6) enter a final judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with the order.  *See* [Doc. No. 15].  Respondents filed a timely objection [Doc. No. 16][1], triggering

---

[1] In their objection, Respondents note that they do not object to the finding in the Report and Recommendation that *Maldonado-Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025) has no impact on this Court's habeas decision.

de novo review, *see Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023), and Petitioner

filed a reply[2] to Respondents' objections [Doc. No. 17].

Respondents object to Judge Mitchell's conclusion that 8 U.S.C. § 1226(a) applies to

Petitioner's detention and not 8 U.S.C. § 1225(b)(2)(A), as asserted by Respondents.[3]  This issue

is significant because § 1225(b)(2)(A) provides for mandatory detention, but § 1226(a) provides

for conditional parole or release on bond pending a decision in the removal proceedings.

Respondents contend that Petitioner is properly detained pursuant to § 1225(b)(2)(A), which

provides:

> Subject to subparagraphs (B) and (C), in the case of an alien who is
> an applicant for admission, if the examining immigration officer
> determines that an alien seeking admission is not clearly and beyond
> a doubt entitled to be admitted, the alien shall be detained for a
> proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(2)(A).  Respondents assert this provision applies to Petitioner because he is

plainly an "applicant for admission," which is defined as "[a]n alien present in the United States

who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1).  Petitioner,

on the other hand, contends that the detention determination should be made pursuant to § 1226(a),

which provides:

> On a warrant issued by the Attorney General, an alien may be
> arrested and detained pending a decision on whether the alien is to
> be removed from the United States.  Except as provided in
> subsection (c) and pending such decision, the Attorney General –
>     (1) may continue to detain the arrested alien; and
>     (2) may release the alien on –
>         (A) bond of at least $1,500 with security approved
>         by, and containing conditions prescribed by, the
>         Attorney General; or

---

[2] In his reply, Petitioner notes that he is not challenging the Report and Recommendation's conclusion regarding the applicability of *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026) in these proceedings.
[3] Respondents note in their objection that they are aware of this Court's prior rulings on this issue, and the objections are filed to preserve arguments for appeal.

2

(B) conditional parole . . . .

8 U.S.C. § 1226(a).  Petitioner asserts § 1225(b)(2)(A) does not apply to those who have resided in the United States for many years and are not arriving or recently arrived to the United States and § 1226(a) applies to aliens who have been unlawfully living in the United States.

Two appellate courts have weighed in on this issue.  The Seventh Circuit ruled on a motion to stay pending appeal that based on a "preliminary record" the respondents "are not likely to succeed on the merits of their argument that those individuals, whom ICE arrested in Chicago without a warrant, are subject to mandatory detention under § 1225(b)(2)(A)." *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061-62 (7th Cir. 2025).  The Seventh Circuit concluded Congress "could easily have included noncitizens who are 'seeking admission' within the definition [of 'applicants for admission'] but elected not to do so." *Id.* at 1061.  In contrast, the Fifth Circuit recently applied § 1225 to a similar habeas challenge, agreeing with Respondents' position based on "the relevant provisions and structure of the Immigration and Naturalization Act, the statutory history, and Congressional intent." *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *1, *4-9 (5th Cir. Feb. 6, 2026).

Additionally, the weight of authority in this district and other district courts in Oklahoma coincides with the Seventh Circuit's analysis.  *See Coreas v. Noem*, CIV-26-151-J, 2026 WL 541151 (W.D. Okla. Feb. 26, 2026); *Perez v. Grant*, CIV-25-1560-R, 2026 WL 315065, at *2-3 (W.D. Okla. Feb. 5, 2026); *Ramirez Rojas v. Noem*, CIV-25-1236-HE, 2026 WL 94641, at *1-2 (W.D. Okla. Jan. 13, 2026); *Morocho v. Kelly,* CIV-25-1247-R, 2026 WL 36452, at *3 (W.D. Okla. Jan. 6, 2026); *Cruz-Hernandez v. Noem*, No. CIV-25-1378-D, 2026 WL 18932, at *2-3 (W.D. Okla. Jan. 2, 2026); *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *2-5 (W.D. Okla. Dec. 16, 2025); *Leonardo G.Z. v. Noem*, No. 25-CV-0600-SHE-MTS, 2025 WL 3755590, at *8-11 (N.D.

3

Okla. Dec. 29, 2025).[4]  This Court agrees with the Seventh Circuit's reasoning, the majority of the other courts in this district, the overwhelming number of other courts that recently addressed this question, and this Court's prior rulings that "based on § 1225(b)(2)(A)'s plain language, the Court concludes that the section only applies when a noncitizen 'applicant for admission' is actively 'seeking admission' into the United States." *Diaz v. Holt*, Case No. CIV-25-1179-J, 2025 WL 3296310, at *3 (W.D. Okla. Nov. 26, 2025).  Accordingly, because Petitioner has been unlawfully living in the United States for many years without seeking admission, § 1225(b)(2)(A) does not apply, and § 1226(a), instead, controls in this case.

Respondents also object to Judge Mitchell's finding that Petitioner's arrest was warrantless and that Petitioner should be immediately released.  Under § 1226(a), a noncitizen may only be arrested and detained "[o]n a warrant issued by the Attorney General."  8 U.S.C. § 1226(a). Petitioner alleges in his Petition that the Immigration and Customs Enforcement (ICE) officers did not possess or present a warrant or any other documentation authorizing his arrest.  *See* Petition at 2.  Respondents do not address this allegation in their Response in Opposition to the Petition for Writ of Habeas Corpus and only belatedly address it in their objection to the Report and Recommendation.  Respondents assert Petitioner was issued a warrant contemporaneous with his arrest and attach a redacted copy of the alleged warrant for Petitioner's arrest to their objection. While Respondents' failure to address this allegation in their response likely bars Respondents from objecting now, the Court also finds the redactions made to the warrant prevent this Court from being able to determine whether it was issued by an appropriate officer.  The Court thus agrees with Judge Mitchell that Petitioner's arrest was warrantless and that Petitioner should be immediately released.

---

[4] The Court recognizes that two Judges in this district have concluded that noncitizens like Petitioner fall under § 1225(b)(2)(A).

For the reasons discussed above, the Court ADOPTS the Report and Recommendation [Doc. No. 15] on de novo review and GRANTS Petitioner's Petition.[5]  Accordingly, the Court ORDERS Respondents to immediately release Petitioner from their custody, subject to an appropriate Order of Supervision.  The Court further ORDERS Respondents to certify compliance by filing a status report within ten (10) business days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 25th day of March, 2026.

_____
BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

---

[5] Although Judge Mitchell recommends that the Court order Respondents not to re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a) and order counsel for Respondents to provide a copy of this Order to counsel for the Warden of the Cimarron Correctional Facility forthwith and file a notice of compliance, the Court finds it unnecessary to do so.